**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 15, 2013[*]
Decided April 15, 2013

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-3569

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 08-20068-001 |
| | |
| LATONYA M. CLAVIELLE, | Michael P. McCuskey, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Latonya Clavielle appeals the denial of her motion for a reduced sentence, primarily arguing that she had a right to be resentenced under *Pepper v. United States,* 131 S. Ct. 1229 (2011), based on her postsentencing rehabilitation. The district court construed the motion as arising under 18 U.S.C. § 3582 and denied it. We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

A jury convicted Ms. Clavielle of several counts of mail fraud, *see* 18 U.S.C. § 1341, and aggravated identity theft, *see* 18 U.S.C. § 1028A. Ms. Clavielle had applied for 162 credit cards—and obtained 31—using false variations of her own personal data and that of her children and her boyfriend's children; she ultimately accumulated about $42,000 in unpaid debts. The district court sentenced Ms. Clavielle to 61 months' imprisonment, and we affirmed her sentence. *See United States v. Clavielle*, 429 F. App'x 617 (7th Cir. 2011). A year later, Ms. Clavielle moved to vacate her sentence under 28 U.S.C. § 2255, alleging that her trial counsel was ineffective. The district court denied the motion, and we dismissed her appeal as untimely.

More than two years after she was sentenced, Ms. Clavielle filed a self-styled "Motion for Downward Departure," in which she asserted generally that her sentence should be reduced under *Koon v. United States*, 518 U.S. 81 (1996), and *Pepper v. United States*, based on her exceptional post-offense rehabilitation. Ms. Clavielle noted that she had obtained her GED, taken training courses, maintained employment in prison, accepted responsibility for her actions, and kept a clean disciplinary record. The district court construed her motion as arising under § 3582(c) and in a minute order denied it, concluding that a term of imprisonment once imposed, as a general matter, could not be modified.

On appeal, Ms. Clavielle maintains that the district court overlooked her citation to *Pepper v. United States*, which in her view allows postsentencing rehabilitation to be considered an "extraordinary and compelling" reason warranting a sentencing reduction under § 3582(c)(1)(A)(i). This argument, however, misapprehends how that provision operates. A district court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) only on a motion by the Director of the Bureau of Prisons. But no such motion has been made here. Nor in any event does *Pepper* help her. There the Supreme Court held that "when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing." *Pepper*, 131 S. Ct. at 1241. But Ms. Clavielle's sentence was not set aside on appeal nor remanded for resentencing. *Pepper*, therefore, does not support her request for a sentence reduction to account for her postsentencing rehabilitation.

We have considered Ms. Clavielle's other arguments, and they do not merit further discussion.

**AFFIRMED**.